NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDRES RODRIGUEZ-AGUILAR,                )
                                         )
          Appellant,                     )
                                         )
v.                                       )          Case No. 2D14-2793
                                         )
STATE OF FLORIDA,                        )
                                         )
          Appellee.                      )
                                         )
_____ )

Opinion filed March 9, 2016.

Appeal from the Circuit Court for
Hillsborough County; Gregory P. Holder,
Judge.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Andres Rodriguez-Aguilar, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


ALTENBERND, Judge.

          Andres Rodriguez-Aguilar appeals his judgment for felon in possession of

a firearm and the resulting sentence of ten years' imprisonment with a three-year

minimum mandatory term.  This is a companion case to Rodriguez-Aguilar v. State, No.

2D14-1719 (Fla. 2d DCA Mar. 9, 2016), which addresses a sentence on violation of

probation as a result of this same conduct. In this appeal, Mr. Rodriguez-Aguilar's attorney has filed an Anders[1] brief. We reverse and remand for the correction of a scrivener's error in the written judgment.

In December 2013, police observed Mr. Rodriguez-Aguilar enter and briefly operate a vehicle that had been reported stolen. A police officer arrested Mr. Rodriguez-Aguilar and discovered a loaded firearm in his pants pocket during a search incident to the arrest. The State filed a two-count information against Mr. Rodriguez-Aguilar, charging felon in possession of a firearm as count I, see § 790.23(1), Fla. Stat. (2013), and carrying a concealed firearm as count II, see § 790.01(2). By agreement, the two counts were severed and the State tried count I first. Following a guilty verdict on that count, the State announced a nolle prosequi of count II. The trial court orally sentenced Mr. Rodriguez-Aguilar on count I to ten years in prison with a three-year minimum mandatory term, to run consecutively to the term of imprisonment the court had already imposed for the violation of probation in case number 2D14-1719.

The written judgment oddly contains descriptions of three counts rather than one. It has a line drawn through a third count, which is an additional count for felon in possession of a firearm that was not charged in the information. The written judgment erroneously shows convictions for both counts I and II of the information. We reverse this judgment as to the improper conviction for count II. On remand, the trial court shall enter a proper judgment. The written sentence was a correct sentence; it was limited to count I. The trial court does not need to resentence the defendant on remand. Finally, we cannot determine from the record whether the mandated change in

---

[1]Anders v. California, 386 U.S. 738 (1967).

the judgment will affect the cost judgment.  On remand, the trial court shall confirm the accuracy of the imposed costs.

Affirmed in part, reversed in part, and remanded.


NORTHCUTT and CRENSHAW, JJ., Concur.